In the Matter of Acquiring Title by THE CITY OF NEW YORK, Appellant, to Certain Lands and Premises Located on Ireland Mill Road, near Rodman Street, Where It Intersects at the Northerly Line of Fifty-eighth Street, formerly Cameron Street, in the Borough of Queens, County of Queens, City and State of New York, Duly Selected as a Site for Use of the Bureau of Highways and for the Erection of an Asphalt Plant and Other Corporation Buildings, According to Law. THE NATIONAL CITY BANK OF NEW YORK, as Trustee under the Last Will and Testa-

ment of ALICE C. McCoy, Deceased, Respondent.— Final decree in proceedings to acquire property in Queens county for the use of the bureau of highways reversed on the law and the facts and the matter remitted to the Special Term for a new hearing unless the claimant stipulate within ten days from the entry of the order herein that the award be reduced to $207,118.43, in which event the decree, as so modified, is affirmed, without costs. The foregoing award is made on the following basis: Parcel No. 1, 121,089.95 square feet, at $1, $121,089.95; parcel No. 2, on the theory that the only value was the possibility of unlimited ownership in the event that the bulkhead line was removed further to the west, $100; parcel No. 3, 40,704.17 square feet, at $1, $40,704.17; land under water in Mill creek, 6,582 square feet, at thirty cents, $1,974.60; parcel No. 4, 943 square feet, at $1, $943; parcel No. 5, 2,306.71 square feet, at $1, $2,306.71; improvements, $40,000; total, $207,118.43. Claimant is entitled to nominal damages only for parcel No. 2. It is burdened with the rights of navigation. The privilege of docking, if it exist, is by reason of the ownership of parcel No. 1. The only value to the owner-, ship of the land under water, parcel No. 2, is the possibility of a removal of the bulkhead to the west. In that event, the claimant would have the right to fill in between the old and new bulkhead. As Flushing creek is only thirty feet wide, the likelihood of such removal is extremely remote. Lazansky, P. J., Young, Scudder and Davis, JJ., concur; Johnston, J., votes to reverse and remit to the Special Term for a rehearing on the ground that the record is barren of any credible evidence upon which a finding of value can be predicated.